IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF AET INC. LIMITED AS OWNER, AND § <br> AET SHIPMANAGEMENT (SINGAPORE) § <br> PTE. LTD AS MANAGER, OF THE M/T § <br> EAGLE KINARUT, FOR EXONERATION § <br> FROM OR LIMITATION OF LIABILITY § | CIVIL ACTION NO. 12-3530 <br><br> ADMIRALTY RULE 9(h) |

### VERIFIED COMPLAINT FOR EXONERATION
### FROM OR LIMITATION OF LIABILITY

COME NOW AET Inc. Limited as owner, and AET Shipmanagement (Singapore) Pte. Ltd as manager (hereafter collectively referred to as "Limitation Plaintiffs"), of the M/T EAGLE KINARUT (the "Vessel"), in a cause of action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et. seq.*, civil and maritime, and allege upon information and belief as follows:

### I.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions to the Federal Rules of Civil Procedure (the "Supplemental Rules").

### II.

At all times hereinafter mentioned, Limitation Plaintiff, AET Inc. Limited was, and now is, a foreign corporation, and was at all times hereinafter mentioned the owner of the Vessel.

### III.

At all times hereinafter mentioned, Limitation Plaintiff AET Shipmanagement (Singapore) Pte. Ltd was, and now is, a foreign corporation that managed the Vessel, *inter alia*.

IV.

At all times hereinafter mentioned, the Vessel was a Singapore flagged crude oil tanker, bearing IMO No. 9422201 and built in 2011, of 60,379 gross tonnage, with principal dimensions of 243.8 meters in length, 42 meters in breadth, and 21.30 meters in depth. At all times the Vessel complied with applicable United States Coast Guard regulations and those of the Republic of Singapore.

V.

Prior to and at all times hereinafter described, Limitation Plaintiffs exercised due diligence to make and maintain the Vessel, its engines, gear, tackle, *etc.*, in all respects seaworthy; and at all times hereinafter described the Vessel was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

VI.

On June 8, 2012, the Vessel was departing the ExxonMobil-Baytown Facility Dock No. 6 (the "Dock") located in Baytown, Texas when it contacted the Dock during maneuvers intended to free the Vessel's forward spring line, which was caught on a fender post of the Dock. At the time of the contact, the Vessel was performing an STS (Ship-to-Ship) transfer operation regarding the lighterage of a cargo of Basrah crude from the M/T PU TUO SAN for discharge at the Dock.

VII.

As a result of the contact between the Vessel and the Dock, the Dock allegedly suffered physical damage. Additionally, the Vessel sustained minor scraping to her hull.

**VIII.**

The above described events, and any alleged injuries, losses, damages, or destruction resulting from the contact between the Vessel and the Dock, were not caused or contributed to by the fault, neglect, lack of due diligence or want of due care on the part of Limitation Plaintiffs, the design or condition of the Vessel, nor was the Vessel in any way unseaworthy. Rather, if any injuries, losses, damages, or destruction were sustained as a result of the incident involving the Vessel and the Dock on June 8, 2012, which is denied, said damages were due to and/or caused by the fault, neglect, lack of due diligence or want of due care of others for whom Limitation Plaintiffs are not responsible.

**IX.**

The injuries and property damage, if any, sustained by any and all persons or entities, which may have resulted from the alleged occurrence or occurrences, could only have been occasioned and incurred without the privity or knowledge of the Limitation Plaintiffs.

**X.**

Limitation Plaintiffs have a reasonable basis upon which to believe that claims will be asserted and prosecuted against them in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

**XI.**

Except as stated in Paragraph XII, *infra*, Limitation Plaintiffs are, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Verified Complaint.

XII.

Notwithstanding the fact that the alleged injuries, losses, damages, or destruction described herein, if any and which are in all respects denied, were occasioned or incurred without the fault, design, neglect, privity, or knowledge of Limitation Plaintiffs, or anyone for whom Limitation Plaintiffs are or at any material time were responsible, nevertheless claims and/or demands have been made against Limitation Plaintiffs. As a result of the alleged incident, on June 11, 2012, ExxonMobil transmitted an email to Limitation Plaintiffs, which served as formal notice of ExxonMobil's claim against Limitation Plaintiffs for damages.

XIII.

As is evidenced above, this Verified Complaint is filed within the running of six months from the date Limitation Plaintiffs will have received first notice of a limitable claim.

XIV.

The value of Limitation Plaintiffs' interest in the Vessel following the casualty described above is U.S. THIRTY-FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($35,500,000.00). Attached hereto as Exhibit A is the declaration of Christopher K. Kingham confirming the value of the Vessel.

XV.

The total amount of pending hire for this voyage as of the casualty is U.S. FOUR HUNDRED SIXTY-NINE THOUSAND, THREE HUNDRED TWENTY-FOUR DOLLARS AND TWENTY-ONE CENTS ($469,324.21). Attached hereto as Exhibit B is the declaration of Richard Russell confirming the freight then pending for the Vessel.

XVI.

Subject to an appraisal of their interests, Limitation Plaintiffs herewith deposit with the Court, as security for the benefit of all potential claimants, an *Ad Interim* Stipulation for Value in

the sum of U.S. THIRTY-FIVE MILLION, NINE HUNDRED SIXTY-NINE THOUSAND, THREE HUNDRED TWENTY-FOUR DOLLARS AND TWENTY-ONE CENTS ($35,969,324.21), plus interest at six percent (6%) per annum from the date of said Stipulation, said sum representing the total value of the Vessel, its appurtenances, and pending freight following the casualty.

### XVII.

Limitation Plaintiffs claim exoneration from liability for any and all injuries, losses, damages, or destruction caused by, arising out of, occasioned, or incurred as a result of the aforesaid casualty and for any and all claims therefor. Limitation Plaintiffs allege that they have valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiffs, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, (formerly 46 U.S.C. App. §§ 181, *et seq.*) and the various statutes supplemental thereto and amendatory thereof, and Rule F of the Supplemental Rules, and to that end Limitation Plaintiffs herewith deposit with the Court, as security for the benefit of potential claimants, the aforementioned *Ad Interim* Stipulation for Value, with sufficient security for the amount of the value of their interest in the Vessel and her pending freight as provided by the aforesaid statues, by the Federal Rules of Civil Procedure including the Supplemental Rules, and by the rules of practice of this Honorable Court.

### XVIII.

Should it later appear that Limitation Plaintiffs are or may be liable and that the amount or value of their interest in the Vessel and its pending freight is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Stipulation, saving to all such claimants any rights of priority they may have as ordered by this

Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

### XIX.

As the Vessel has not been arrested or libeled, Limitation Plaintiffs affirmatively show that venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules.

### XX.

All and singular, the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, Limitation Plaintiffs pray that:**

(1)     This Court issue an Order approving the above described *Ad Interim* Stipulation for Value or surety deposited with the Court by Limitation Plaintiffs, as security for the amount or value of their interest in the Vessel and its pending freight;

(2)     This Court issue a Notice, in the form attached hereto as Exhibit C, to all persons asserting claims with respect to which this Verified Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiffs a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiffs an answer to this Verified Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3)     This Court enjoin the further prosecution of any and all actions, suits, or proceedings already commenced and the commencement or prosecution thereafter of any and all

actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiffs and their Underwriters, and/or against the Vessel, her officers and crew or against any employee or property of Limitation Plaintiffs except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid casualty;

(4)     This Court adjudge that Limitation Plaintiffs and their Underwriters are not liable to any extent for any injuries, losses, damages, or destruction occurring as a result of the casualty in question, or for any claim thereafter in any way arising out of or resulting from the aforesaid casualty;

(5)     This Court adjudge that Limitation Plaintiffs and their Underwriters are not liable to any extent for any injuries, loss, damages, or destruction occurring as a result of the casualty in question, or for any claim whatsoever in any way arising from or in consequence of the aforesaid casualty; or if Limitation Plaintiffs and their underwriters should be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiffs' interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of said injuries, losses, damages, or destruction, and that Limitation Plaintiffs and their underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging Limitation Plaintiffs, their Underwriters, and the Vessel from all further liability; and

(6) Limitation Plaintiffs may have such other, further and/or different relief as equity and justice may require.

Respectfully submitted,

By: /s/ James Patrick Cooney
James Patrick Cooney
State Bar No. 04770000
Federal I.D. No. 2826
Patrick.Cooney@roystonlaw.com
Richard A. Branca
State Bar No.: 24067177
Federal I.D. No.: 828076
Richard.Branca@roystonlaw.com
Michael E. Streich
State Bar No. 24079408
Federal I.D. No. 1339959
Michael.Steich@roystonlaw.com
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR LIMITATION PLAINTIFFS AET INC. LIMITED and AET SHIPMANAGEMENT (SINGAPORE) PTE. LTD**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AET INC. LIMITED AS OWNER, AND AET SHIPMANAGEMENT (SINGAPORE) PTE. LTD AS MANAGER, OF THE M/T EAGLE KINARUT, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § CIVIL ACTION NO. 12-3530 ADMIRALTY RULE 9(h) |

## VERIFICATION

STATE OF TEXAS              §
                            §
COUNTY OF HARRIS            §

Before me now, the undersigned Notary, came and appeared Richard A. Branca, who after being duly sworn, did depose and state:

1. That he is counsel with the law firm of Royston, Rayzor, Vickery & Williams LLP, and is the attorney for Limitation Plaintiffs in the above-captioned and numbered proceeding;

2. That he has read the above and foregoing Verified Complaint for Exoneration From or Limitation of Liability, that all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief, and that the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives; and

3. That he is specifically authorized by Limitation Plaintiffs to make this Verification on their behalf.

_____
Richard A. Branca

SWORN TO AND SUBSCRIBED BEFORE ME on this 5th day of December, 2012.

_____
NOTARY PUBLIC

HOLLIANNE LAUERSDORF
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 12/13/15